IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br> Plaintiff <br><br> v. <br><br> **[19] YALEXIS FERNANDEZ-GARCIA**, <br> Defendant. | CRIM. NO. 19-604-19 (PAD) |

## ORDER

### I. Introduction

On September 25, 2019, the grand jury returned a six-count indictment charging the defendant, [19] Yalexis Fernández García, and forty-nine (49) other individuals, with conspiracy to possess with intent to distribute, and possession with intent to distribute, one kilogram or more of heroin, 280 grams or more of crack cocaine, five kilograms or more of cocaine, and 100 kilograms or more of marijuana, all within 1,000 feet of a public housing project, in violation of Title 21, *United States Code*, Sections 841, 846 and 860. Defendant Fernández-García was also charged with violating Title 18, *United States Code*, Section 924(c) for possessing a firearm in furtherance of a drug trafficking crime (the "Indictment"). *See* Docket No. 3.

On December 5, 2019, a bail hearing was held before the undersigned magistrate judge, during which the government moved to detain the defendant pending trial based largely on the presumption that the defendant presents a danger to the community and a serious risk of flight under 18 U.S.C. § 3142(e)(3)(A) (dealing with drugs) and § 3142(e)(3)(B) (dealing with guns).

Case 3:19-cr-00604-PAD-MDM   Document 709   Filed 01/28/21   Page 2 of 6

U.S. v. [19] Yalexis Fernández-García
Crim. No. 19-604 (PAD)
- 2 -

After hearing from the parties, the Court noted (1) that this is a presumption case, and (2) that the defendant declined to be interviewed by the Pretrial Services Officer. As such, the Court ordered the defendant detained without bail pending trial finding that he failed to present sufficient evidence to rebut the presumption. *See* Docket No. 313.

Approximately one year later, on December 14, 2020, the defendant filed a "Motion for a *De Novo* Hearing." *See* Docket No. 638. In his Motion for a *De Novo* Hearing, the defendant moved the Court to re-open his bail hearing based on the fact that at the time of his original bail hearing, he was already under the custody of the U.S. Bureau of Prisons because he was serving a sentence for an unrelated federal conviction. He claims, therefore, that there was no possibility of him being granted bail anyway, and thus declined to be interviewed by the Pretrial Services Officer. On December 10, 2020, however, the defendant completed his sentence in the other federal case, and therefore submits now that under the right circumstances bail could be a possibility.

On December 17, 2020, the Court denied defendant's motion, without prejudice, stating that defendant's "refusal to be interviewed makes it highly unlikely the defendant will be able to overcome the double presumption that exists in this case (based on drugs and guns)." *See* Docket No. 642.

On December 28, 2020, the defendant filed a Motion for Reconsideration of the Denial for Release on Bail (Docket No. 650), and the government opposed. *See* Docket No. 704. In his Motion for Reconsideration, the defendant requests that the Court grant him the opportunity to be interviewed by the Pretrial Services Officer given that his circumstances have changed substantially since December 2019. Then, after being interviewed, the defendant

Case 3:19-cr-00604-PAD-MDM   Document 709   Filed 01/28/21   Page 3 of 6

*U.S. v. [19] Yalexis Fernández-García* - 3 -
Crim. No. 19-604 (PAD)

requests that the Court grant him the opportunity to reopen his bail hearing and argue in favor of bail. For the reasons espoused more completely below, the Court finds that the completion of his sentence constitutes a substantial change in circumstances, and indeed "new evidence" not previously known to the defendant at the time of the original bail hearing. The Court also finds that such "new evidence" does have a material effect on the question of danger to the community and risk of flight sufficient to allow for the defendant to reopen his bail hearing.

## II.     Discussion

The Bail Reform Act, 18 U.S.C. § 3142, governs the procedural and substantive rules for pretrial detention of defendants. Where there is probable cause to believe that a defendant committed certain crimes pursuant to 18 U.S.C. § 3142(e), including those involving offenses for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C.§§801-904), and offenses under 18 U.S.C. § 924(c), a rebuttable presumption arises that no conditions of release "will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(3)(E); *See U.S. v. Rodriguez-Adorno*, 606 F. Supp. 2d 232, 234 (D.P.R. 2009) (citing, *United States v. O'Brien*, 895 F.2d 810, 813 (1st Cir. 1990)).

To rebut the presumption, the defendant must produce "some evidence" to the contrary. *O'Brien*, 895 F.2d at 815 (citing *United States v. Jessup*, 757 F.2d 378, 381 (1st Cir.1985) (overruled on other grounds)); *United States v. Dillon*, 938 F.2d 1412, 1416 (1st Cir.1991) (internal citations omitted). Nevertheless, the presumption remains in effect even when a defendant brings evidence forward in rebuttal. The evidence brought by the defendant merely serves as evidentiary weight to be considered by the court when determining the

Case 3:19-cr-00604-PAD-MDM   Document 709   Filed 01/28/21   Page 4 of 6

*U.S. v. [19] Yalexis Fernández-García*  - 4 -
Crim. No. 19-604 (PAD)

defendant's bail status; the government retains the burden throughout the inquiry to prove that no release conditions can reasonably assure the defendant's appearance. *Id.*; *United States v. Palmer–Contreras*, 835 F.2d 15, 18 (1st Cir. 1987) (per curiam).

A court may reconsider a detention order at any time prior to trial if the judicial officer finds there to be information previously unavailable and finds that the *new* information bears on the determination of flight risk and danger to society. 18 U.S.C. § 3142(f)(2)(B) (emphasis added); *Rodriguez-Adorno*, 606 F. Supp.2d at 234 (citing, *Dillon*, 938 F.2d at 1415).

To determine whether pretrial detention is warranted, the judicial officer must consider the statutory factors set forth in 18 U.S.C. § 3142(g): (1) the nature and circumstances of the offense charged; (2) the "weight of evidence" against the defendant; (3) the history and characteristics of the defendant; and (4) "the nature and seriousness of the danger to any person or the community that would be posed by [the defendant's] release." 18 U.S.C. § 3142(g).

Many courts have interpreted strictly the statutory provision authorizing the reopening of a detention hearing, holding that hearings should not be reopened if the evidence proffered was available at the time of the hearing. *See Dillon*, 938 F.2d at 1415 (affirming district court's decision not to reopen detention hearing based on defendant's submission of affidavits from witnesses that could have been introduced at the original hearing); *United States v. Hare*, 873 F.2d 796, 799 (5th Cir.1989) (affirming district court's decision not to reopen detention hearing based on proffered testimony of defendant's family members and a friend, because the proffered information was not new); *United States v. Peralta*, 849 F.2d 625, 626–627 (D.C. Cir. 1988) (affirmed a district court decision to reopen a detention hearing and detain the defendant on the basis of

Case 3:19-cr-00604-PAD-MDM Document 709 Filed 01/28/21 Page 5 of 6

*U.S. v. [19] Yalexis Fernández-García* - 5 -
Crim. No. 19-604 (PAD)

information not available at the initial hearing, to wit, the denial of a suppression motion which increased the likelihood of conviction).

In this case, the Court understands the defendant's position during his initial bail hearing that the question of detention appeared to be a foregone conclusion because he was already serving a federal sentence. Then, almost exactly one year later, after having witnessed delay after delay in proceedings due to the COVID-19 Pandemic, the defendant all of a sudden found himself in a very different position than before having completed his sentence in the other federal case. As a result, it is now possible, technically speaking, for the defendant to be granted bail, whereas back in December 2019, it was not. The Court understands that the defendant could not have known that his pretrial detention, and the case in general, for that matter, would be affected by a worldwide pandemic and that his pretrial detention would continue past the completion date of his other sentence.

Accordingly, the Court finds that the completion of his other sentence constitutes a substantial change in circumstances and "new evidence" sufficient to justify the reopening of the defendant's bail hearing. Of course, the defendant will have to submit to a full pretrial services interview before the Court could even be in a position to entertain the possibility of granting him bail in this case.

Accordingly, for the above-mentioned reasons, defendant's Motion for Reconsideration of the Denial for Release on Bail (**Docket No. 650**) is hereby **GRANTED**. **The reopening of defendant's bail hearing is scheduled for Thursday, February 18, 2021, at 9:30AM**.

In order for that bail hearing to take place, however, the defendant, through his attorney, must coordinate a pretrial services interview of the defendant with the U.S Probation Office. Defendant is advised that the granting of his request to reopen the bail hearing

Case 3:19-cr-00604-PAD-MDM   Document 709   Filed 01/28/21   Page 6 of 6

*U.S. v. [19] Yalexis Fernández-García* - 6 -
Crim. No. 19-604 (PAD)

does not guarantee that the Court will, in turn, grant him bail. Instead, the Court will apply the standards provided by the Bail Reform Act as with any presumption-type case like this one.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 28th day of January 2021.

_____
MARSHAL D. MORGAN
UNITED STATES MAGISTRATE JUDGE
DISTRICT OF PUERTO RICO